```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JUAN MONSALVE,                                          :

                              Plaintiff,    :    04 Civ. 7312 (LAK) (DF)

          -against-                          :    **REPORT AND
                                                  RECOMMENDATION**
UNITED STATES OF AMERICA, et al.,           :

                              Defendants.   :
------------------------------------------------------------X
```

**TO THE HONORABLE LEWIS A. KAPLAN, U.S.D.J.:**

In this action, filed pursuant to *Bivens v. Six Unknown Named Agents of Bureau of Federal Narcotics,* 403 U.S. 388 (1971), *pro se* plaintiff Juan Monsalve ("Plaintiff") claims that defendants the United States of America, the Federal Bureau of Prisons, the Administrator of the New York Metropolitan Correction Center (the "MCC"), Officers W. Palmer, D. Ortiz, Keith Hulett, J.M. Garcia, and J. Rementer, and certain John Does[1] (collectively, "Defendants") violated his rights by falsely accusing him of attempting to escape from the MCC, denying him due process during disciplinary proceedings, and holding him in solitary confinement under substandard conditions for approximately 550 days. The case has been referred to me by the Honorable Lewis A. Kaplan, U.S.D.J. for general pretrial supervision, and to report and recommend as to any dispositive motions.

Currently before this Court is a September 11, 2007 motion by Defendants to dismiss Plaintiff's Amended Complaint.[2] That motion does not address the allegations contained in

---

[1] The "John Doe" defendants are identified in the caption of Plaintiff's Amended Complaint (Dkt. 7) as "Segregation Review Officers" and "Captains and Lieutenants assigned to security and SHU housing unit on May 18, 2000 and continuously thereafter."

[2] Defendants apparently never properly filed their motion with the Court, nor did they file the accompanying Notice Pursuant to Local Rule 12.1, Memorandum of Law, and supporting

Plaintiff's *Second* Amended Complaint, which Plaintiff had filed with the Court on April 24, 2007, prior to Defendants' submission of their motion. (Dkt. 12.)[3] Apparently, Defendants take the position that, as Plaintiff never sought leave to file that second amended pleading, it is not operative, and should be rejected or simply ignored. (*See* Clopper Ltr. at 2; *see also* Fed. R. Civ. P. 15(a) (providing that "[a] party may amend its pleading once as a matter of course" and "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave").)

The Court notes, however, that certain of the purported defects in Plaintiff's Amended Complaint (including the purported failure by Plaintiff to demonstrate proper or timely exhaustion of his claims) might be cured by a further amendment. Moreover, this Court must "freely give leave" to amend, "when justice so requires." Fed. R. Civ. P. 15(a)(2). Although Defendants argue by letter that Plaintiff's putative second amendment would be futile (*see* Clopper Ltr. at 2), Plaintiff has never had the occasion to address the futility issue, and, especially given that Plaintiff is proceeding *pro se,* this Court does not believe it appropriate to

---

Declarations. This Court did receive these submissions, however, and asked the Court Clerk to docket them; they now bear Docket Nos. 23-27. The Court also notes that, while Defendants' Notice of Motion states that Defendants seek to dismiss Plaintiff's Complaint, it is apparent from the substance of the motion that it is directed against the Amended Complaint (Dkt. 7), and Defendants' counsel has confirmed this (*see* Letter to the Court from John D. Clopper, Esq., dated Aug. 18, 2008 ("Clopper Ltr.") (stating that the pleading "that is the subject of the Government's motion is the amended complaint dated June 12, 2006")).

[3] Although the Court's docket reflects a filing date of May 4, 2007 for this submission (*see* Dkt. 12), a *pro se* prisoner's papers are deemed filed when they are handed over to prison officials for forwarding to the court, *see Houston v. Lack*, 487 U.S. 266, 270 (1988), and this Court will therefore deem the Second Amended Complaint to have been filed on April 24, 2007, the date when Plaintiff signed it. *See, e.g.*, *Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 165 (S.D.N.Y. 2000).

reject Plaintiff's Second Amended Complaint out of hand, without first affording him an opportunity to explain why he believes it should be accepted for filing.

Under the circumstances, I respectfully recommend that:

(1) Plaintiff be given thirty (30) days from the date of the Court's ruling on this Report and Recommendation to move for leave to file his Second Amended Complaint, and

(2) Defendants' pending motion to dismiss the Amended Complaint (Dkt. 23) be denied without prejudice to renew, should the Court deny Plaintiff leave to amend.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Lewis A. Kaplan, United States Courthouse, 500 Pearl Street, Room 4740, New York, New York 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, Room 525, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Kaplan. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d

Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
October 27, 2008

Respectfully submitted,

DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Hon. Lewis A. Kaplan, U.S.D.J.

Juan Monsalve, *pro se*
Reg. No. 581560-053
USP Allenwood
U.S. Penitentiary
P.O. Box 3000
White Deer, PA 17887

John D. Clopper, Esq.
Assistant United States Attorney
86 Chambers Street
New York, NY 10007